## United States Bankruptcy Court
### District of Maryland

In re **Placido Salazar / Maria N. Salazar**  Case No. _____  
Debtor(s)  Chapter **13**

## CHAPTER 13 PLAN

☒ Original Plan  ☐ Amended Plan  ☐ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

   a. $ **555.00** per month for a term of **60** months.

2. From the payments received, the Trustee will make the disbursements in the order described below:
   a. Allowed unsecured claims for domestic support obligations and trustee commissions.
   b. Administrative claims under 11 U.S.C. § 507(a)(2), including attorney's fee balance of $ **0.00** (unless allowed for a different amount by an order of court).
   c. Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $ **0.00**.
   d. Other priority claims defined by 11 U.S.C. § 507(a)(3) - (10). The Debtor anticipates the following claims:

| Claimant | Amount of Claim |
|---|---|
| -NONE- | |

   e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

   i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| -NONE- | | |

   ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| -NONE- | | | |

   iii. The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|
| Toyota Financial Services | 26,440.00 | 5.00% | 498.88 | 60 |

**Local Bankruptcy Form M**

Ver. 11.07

      iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

| Claimant | Amount of Claim | Description of Collateral |
|---|---|---|
| -NONE- | | |

      v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

Claimant
**-NONE-**

      vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

      vii.    In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, the balance of funds will be paid pro rata on allowed general, unsecured claims. (If there is more than one class of unsecured claims, describe each class.)

3.    The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order. The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

| Claimant | Asserted Value | Description of Property |
|---|---|---|
| **Toyota Financial Services** | 26,440.00 | **2007 Toyota Tundra 4WD Crew Cab** |
| **Bank of America, NA, Trustee** | 0.00 | **Residence owned by debtor(s) and known as 604 Eldrid Drive, Silver Spring MD 20904** |
| **Wells Fargo Bank, NA, Trustee** | 200,000.00 | **Residence owned by debtor(s) and known as 604 Eldrid Drive, Silver Spring MD 20904** |

4.    Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case. For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5.    Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.    The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

| Other Party | Description of Contract or Lease | Assumed or Rejected |
|---|---|---|
| **-NONE-** | | |

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8. Non-Standard Provisions:

   **A. Plan confirmation shall be without prejudice to debtor objecting to the claims provided for in the plan or previously filed in this case, and the debtor reserves and retains the right to file an objection to any proof of claim that does not comply with the applicable provisions of the Bankruptcy Code, the Rules of Bankruptcy Procedure, and the Local Rules of this Court.  And, to the extent that the debtor is required to list and schedules all debts in the Official Forms filed with this case, such a listing shall not be construed as a waiver or an estoppel to the right of the debtor to pursue any such objections.**

   **B. The balance due for Debtor's attorney's fees, if any, not provided for by the plan shall be paid outside the plan or under the plan following plan modification. In the event the amount allowed for attorney's fees is less than the amount provided for by the plan, the amount the debtor must pay under this plan shall be reduced by an equal amount from the plan payments that otherwise would have come due by reducing each remaining plan payment by an amount equal to the total attorney fee reduction amount divided by the remaining number of plan payments.**

   **C. To the extent that an allowed secured claim is secured by the debtor's principal residence, fees, costs, or charges arising during the pendency of the case may be added to secured debt provided for by the plan only if– (A) prior notice of such fees, costs or charges is filed with the court before the expiration of the earlier of– (i) 90 days after the time at which they are incurred; or `(ii) 60 days before the conclusion of the case; and (B) such fees, costs, or charges are lawful, reasonable, and provided for in the underlying contract. The failure of a party to give notice described in this paragraph shall be deemed a waiver of any claim for fees, costs, or charges described in this paragraph for all purposes, and any attempt to collect such fees, costs, or charges shall constitute a violation of section 524(a)(2) of Title 11, United States Code, or, if the violation occurs before the date of discharge, of 11 U.S.C. section 362(a).**

   **D. Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.**

   **E. Debtors shall pay into an attorney escrow account held by their counsel Robert J. Haeger the sum of $2,780 per month without prejudice to their mortgage rescission claims and in lieu of making any mortgage payments pending resolution of those claims.**

   **Robert J. Haeger, Attorney for the Debtor(s), Maryland Federal Bar No. 25434**
   **9535 Fern Hollow Way, Gaithersburg, Maryland 20886-1430**
   **Voice (301) 670-9787; Fax (301) 670-6291; www.haegerlaw.com**
   **Board Certified - Consumer Bankruptcy Law - American Board of Certification**

Date **December 31, 2009**    Signature **/s/ Placido Salazar**
                                        **Placido Salazar**
                                        Debtor

Date **December 31, 2009**    Signature **/s/ Maria N. Salazar**
                                        **Maria N. Salazar**
                                        Joint Debtor

Attorney **/s/ Robert J. Haeger**
         **Robert J. Haeger**

**Local Bankruptcy Form M - Page 3**

Ver. 11.07

# United States Bankruptcy Court
### District of Maryland

In re **Placido Salazar**
**Maria N. Salazar**
Debtor(s)

Case No.
Chapter **13**

## PRE-CONFIRMATION CERTIFICATION

Debtor(s) hereby certify under penalty of perjury that the following statements are true and correct:

1. Debtor(s) has/have paid any fee, charge, amount required under Sec. 1930 of title 28, U.S.C, or by the plan (i.e. adequate protection payments) to be paid before confirmation.

2. Debtor(s) has/have paid all amounts that are required under a domestic support obligation and that first became payable after the date of the filing of the petition, if applicable.

3. Debtor(s) has/have filed all applicable Federal, State, and Local tax returns with the appropriate taxing authorities for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Debtor(s) affirm that the plan is proposed in accordance with 11 U.S.C §1325 and request said plan be confirmed.

Date **January 1, 2010**    Signature **/s/ Placido Salazar**
**Placido Salazar**
Debtor

Date **January 1, 2010**    Signature **/s/ Maria N. Salazar**
**Maria N. Salazar**
Joint Debtor

**Local Bankruptcy Form O**
Ver. 11.07

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy