**United States Bankruptcy Court**
**District of Maryland**

In re **Placido Salazar**
**Maria N. Salazar**
Debtor(s)

Case No. **10-10165**
Chapter **13**

## CHAPTER 13 PLAN

☐ Original Plan  ☒ Amended Plan  ☐ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

   a. $_____ per month for a term of _____ months. OR

   b. $_____ per month for _____ month(s),
      $_____ per month for _____ month(s),
      $_____ per month for _____ month(s), for a total term of _____ months. OR

   c. $ **449.12** per month prior to confirmation of this plan, and $ **948.00** per month after confirmation of this plan, for a total term of **36** months (if this option is selected, complete 2.e.i.).

2. From the payments received, the Trustee will make the disbursements in the order described below:
   a. Allowed unsecured claims for domestic support obligations and trustee commissions.
   b. Administrative claims under 11 U.S.C. § 507(a)(2), including attorney's fee balance **to be determined by fee application and subject to approval by the court.**
   c. Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $ **0.00** .
   d. Other priority claims defined by 11 U.S.C. § 507(a)(3) - (10). The Debtor anticipates the following claims:

| Claimant | Amount of Claim |
|---|---|
| -NONE- | |

   e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

      i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| Toyota Financial Services | x2878 | 498.88 |

      ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| -NONE- | | | |

**Local Bankruptcy Form M**
Ver. 11.07

      iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|
| **Toyota Financial Services** | **28,447.00** | **5.00%** | **852.53** | **36** |

      iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

| Claimant | Amount of Claim | Description of Collateral |
|---|---|---|
| **-NONE-** | | |

      v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

| Claimant |
|---|
| **-NONE-** |

      vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

      vii.    In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

   f.    After payment of priority and secured claims, the balance of funds will be paid pro rata on allowed general, unsecured claims.  (If there is more than one class of unsecured claims, describe each class.)

3.    The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien.  (Indicate the asserted value of the secured claim for any motion to value collateral.):

| Claimant | Asserted Value | Description of Property |
|---|---|---|
| **Toyota Financial Services** | **28,447.00** | **2007 Toyota Tundra 4WD Crew Cab** |
| **Wells Fargo Bank, NA, Trustee** | **200,000.00** | **Residence owned by debtor(s) and known as 604 Eldrid Drive, Silver Spring MD 20904** |

4.    Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5.    Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

| Other Party | Description of Contract or Lease | Assumed or Rejected |
|---|---|---|
| -NONE- | | |

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8. Non-Standard Provisions:

**A. Plan confirmation shall be without prejudice to debtor objecting to the claims provided for in the plan or previously filed in this case, and the debtor reserves and retains the right to file an objection to any proof of claim that does not comply with the applicable provisions of the Bankruptcy Code, the Rules of Bankruptcy Procedure, and the Local Rules of this Court.  And, to the extent that the debtor is required to list and schedules all debts in the Official Forms filed with this case, such a listing shall not be construed as a waiver or an estoppel to the right of the debtor to pursue any such objections.**

**B. Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.**

**C. Debtors shall pay into an attorney escrow account held by their counsel Robert J. Haeger an amount equal to their regular monthly first mortgage payment without prejudice to their mortgage rescission and other claims and in lieu of making any mortgage payments pending resolution of those claims. The Debtors have rescinded their mortgages pursuant to the Truth in Lending Act and filed AP #10-101 to enforce those rights and for damages regarding their first mortgage (Claim #13). Debtors will file an AP against their second mortgage holder (Claim #4) objecting to that claim, for rescision and for damages once they successfully conclude AP #10-101 or November 19, 2010. Plan confirmation shall be without prejudice to the rights of the parties in the said filed and contemplated mortgage litigation.**

**Robert J. Haeger, Attorney for the Debtor(s), Maryland Federal Bar No. 25434**
**9535 Fern Hollow Way, Gaithersburg, Maryland 20886-1430**
**Voice (301) 670-9787; Fax (301) 670-6291; www.haegerlaw.com**
**Board Certified - Consumer Bankruptcy Law - American Board of Certification**

| Date | **May 27, 2010** | Signature | **/s/ Placido Salazar** |
|---|---|---|---|
| | | | **Placido Salazar** |
| | | | Debtor |

| Date | **May 27, 2010** | Signature | **/s/ Maria N. Salazar** |
|---|---|---|---|
| | | | **Maria N. Salazar** |
| | | | Joint Debtor |

Attorney    **/s/ Robert J. Haeger**
            **Robert J. Haeger**

# United States Bankruptcy Court
**District of Maryland**

In re **Placido Salazar / Maria N. Salazar**  
Debtor(s)

Case No. **10-10165**  
Chapter **13**

## PRE-CONFIRMATION CERTIFICATION - AMENDED

Debtor(s) hereby certify under penalty of perjury that the following statements are true and correct:

1. Debtor(s) has/have paid any fee, charge, amount required under Sec. 1930 of title 28, U.S.C, or by the plan (i.e. adequate protection payments) to be paid before confirmation.

2. Debtor(s) has/have paid all amounts that are required under a domestic support obligation and that first became payable after the date of the filing of the petition, if applicable.

3. Debtor(s) has/have filed all applicable Federal, State, and Local tax returns with the appropriate taxing authorities for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Debtor(s) affirm that the plan is proposed in accordance with 11 U.S.C §1325 and request said plan be confirmed.

Date **May 27, 2010**   Signature **/s/ Placido Salazar**  
**Placido Salazar**  
Debtor

Date **May 27, 2010**   Signature **/s/ Maria N. Salazar**  
**Maria N. Salazar**  
Joint Debtor

**Local Bankruptcy Form O**  
Ver. 11.07

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

| | |
|---|---|
| In re: | : |
| Placido Salazar | : Case No. 10-10165-TJC |
| and Maria N. Salazar | : |
| Debtors | : Chapter 13 |

CERTIFICATE OF SERVICE
OF AMENDED CHAPTER 13 PLAN

I hereby certify that a copy of the captioned Debtors' Amended Chapter 13 Plan dated May 27, 2010, was mailed, first class (except Wells Fargo Bank was mailed certified), postage prepaid, on May 28, 2010, to the creditors and other parties in interest listed on the attached mailing matrix, a copy was served electronically on the chapter 13 trustee by the CM/ECF system, and a copy was specially served on the current mortgage claimants as stated below.

**Certified - Return Receipt Requested**
John G. Stumpf, Chairman of the Board,
President and Chief Executive Officer
Wells Fargo Bank, NA, as Trustee
299 South Main Street
Salt Lake City, UT 84111-1901

Bank of America, National Association as
successor by merger to LaSalle Bank NA
c/o EMC Mortgage Corp.
Attn: Mark D. Meyer, as creditor's Authorized
Agent
PO Box 293150
Lewisville, TX 75029

EMC Mortgage Corporation
c/o Corporation Trust Incorporated, RA
351 West Camden Street
Baltimore, MD 21201

Wells Fargo Bank, National Associaton
c/o EMC Mortgage Corporation
Attn: Kevin Feig
PO Box 293150,
Lewisville, TX 75029-3150

/s/ Robert J. Haeger
Robert J. Haeger, Md. Fed. Bar No. 25434
Attorney for the Debtors
9535 Fern Hollow Way
Gaithersburg, MD 20886-1430
(301) 670-9787; www.haegerlaw.com

**Salazar 10-10165-TJC**
Internal Revenue Service
Centralized Insolvency Operation
POB 21126
Philadelphia, PA 19114-0326

Comptroller of the Treasury
Compliance Division - Room 409
301 West Preston Street
Baltimore, MD 21201

Montgomery County Attorney
101 Monroe Street, 3rd Floor
Rockville, MD 20850

State of Maryland
Central Collection Unit
300 West Preston St
Baltimore, MD 21201-2321

Montgomery County, MD (Treasury)
Division of Treasury
255 Rockville Pike, L-15
Rockville, MD 20850

ACB American, Inc.
PO Box 2548
Cincinnati, OH 45201-2548

Accounts Receivable Management, Inc.
PO Box 129
Thorofare, NJ 08086-0129

Adventist healthcare
Patient Financial Services
1801 Research Blvd
Rockville, MD 20850

American Express
Customer Service
PO Box 981535
El Paso, TX 79998-1531

Associated Recovery Systems
PO Box 469048
Escondido, CA 92046-9048

At&t Wireless Correspondence
PO box 68055
Anaheim, CA 92817-8055

Bank of America
PO Box 15019
Wilmington, DE 19886

Bank of America
BK Dept NC4-105-03-14
POB 26012
Greensboro, NC 27420-6012

Bank of America, NA, Trustee
c/o EMC Mortgage Corp
Customer Service Dept
POB 293150
Lewisville, TX 75029-3150

Best Buy Card
c/o HRS USA
PO Box 15521
Wilmington, DE 19850-5521

Bierman & Geesing & Ward, LLC
4520 East West Highway, Ste 200
Bethesda, MD 20814

CAC Financial Corp
2601 NW Expressway, Ste 1000 East
Oklahoma City, OK 73112

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Cavalry
7 Skyline Dr
Hawthorne, NY 10532

CBE
131 Tower Park, Ste 100
PO Box 2547
Waterloo, IA 50704-2547

CFNA -- Tires Plus
PO Box 81315
Cleveland, OH 44181-0315

Chase
PO Box 15299
Wilmington, DE 19850-5299

Chevy Chase Bank
PO Box 1296
Laurel, MD 20707

Citi -- Exxon Mobil
PO Box 6414
Sioux Falls, SD 57117

Citi --Sears
PO Box 6275
Sioux Falls, SD 57117

Client Services, Inc.
3451 Harry S Truman Blvd
Saint Charles, MO 63301

Comcast
20 W. Gude Dr
Rockville, MD 20850

Creditor Claims of American Inc
PO Box 7579
Silver Spring, MD 20907

Creditors Interchange, Inc.
PO Box 1335
Buffalo, NY 14240-1335

Dell Financial Services
PO Box 81577
Austin, TX 78708

| | | |
|---|---|---|
| Diversified Consultants, Inc<br>PO Box 551268<br>Jacksonville, FL 32255 | Dressbarn<br>POB 182273<br>Columbus, OH 43218-2273 | Fingerhut<br>PO Box 1250<br>Saint Cloud, MN 56395 |
| First Savings Credit Card<br>PO Box 5019<br>Sioux Falls, SD 57117-5019 | Firstsource Advantage, LLC<br>205 Bryant Woods South<br>Buffalo, NY 14228 | Focus Receivables Management<br>1130 Northchase Parkway, Ste 150<br>Marietta, GA 30067 |
| GC Services<br>Collection Agency Division<br>6330 Gulfton<br>Houston, TX 77081 | Home Depot Credit Services<br>PO box 689100<br>Des Moines, IA 50368-9100 | Household Bank -- Bankcard Services<br>PO Box 80084<br>Salinas, CA 93912-0084 |
| Household Bank -- Bankcard Services<br>PO Box 81622<br>Salinas, CA 93912 | HSBC Bank Nevada, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd., Ste 200<br>Tucson, AZ 85712 | IC System, Inc<br>444 Highway 96 East<br>PO Box 64887<br>Saint Paul, MN 55164-0887 |
| JCPenny -- GEMB<br>PO Box 530945<br>Atlanta, GA 30353 | Law Office of Joe Pezzuto, LLC<br>4013 E. Broadway, Ste A2<br>Phoenix, AZ 85040 | Lowe's<br>PO box 103104<br>Roswell, GA 30076 |
| LTD Financial Services<br>7322 Southwest Freeway, Ste 1600<br>Houston, TX 77074 | Macy's<br>Bankruptcy Department<br>PO Box 8053<br>Mason, OH 45040 | NCO<br>507 Prudential Rd<br>Horsham, PA 19044 |
| NCO<br>PO Box 15630, Dept 02<br>Wilmington, DE 19850 | NCO<br>1804 Washington Blvd<br>Mailstop 450<br>Baltimore, MD 21230 | NCO<br>PO Box 15630<br>DEPT 99<br>Wilmington, DE 19850 |
| Northland Group Inc<br>PO Box 390846<br>Minneapolis, MN 55439 | Pepco<br>Correspondence Section<br>701 Ninth St., NW<br>Washington, DC 20068-0001 | Portfolio Recovery Assocs, LLC<br>140 Corporate Blvd<br>Norfolk, VA 23502 |
| Professional Bureau of Collections of MD<br>5295 DTC Pkwy<br>Greenwood, CO 80111 | Sprint<br>PO Box172408<br>Denver, CO 80217 | Tiburon Financial<br>PO Box 770<br>Boys Town, NE 68010 |
| Toyota Financial Services<br>Central Bankruptcy Department<br>PO Box 2958<br>Torrance, CA 90509-2958 | United Collection Bureau, Inc.<br>PO Box 140190<br>Toledo, OH 43614 | United Recovery Systems<br>5800 North Course Dr<br>Houston, TX 77072 |

| | | |
|---|---|---|
| Valentine & Kebartas, Inc.<br>PO Box 325<br>Lawrence, MA 01842 | Verizon<br>PO Box 660748<br>Dallas, TX 75266 | Wells Fargo Bank, NA, Trustee<br>c/o EMC Mortgage Corporation<br>Customer Service Dept<br>POB 293150<br>Lewisville, TX 75029-3150 |
| Wells Fargo Financial<br>q1300 Spring St., Ste 126<br>Silver Spring, MD 20910 | Wells Fargo Financial Bank<br>PO Box 5943<br>Sioux Falls, SD 57117-5943 | WSSC<br>14501 Sweitzer La<br>Laurel, MD 20707-5902 |

Case 10-10165   Doc 45   Filed 05/28/10   Page 8 of 8