UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

| | | |
|---|---|---|
| In re: | : | |
| Placido Salazar | : | Case No. 10-10165-TJC |
| and Maria N. Salazar | : | |
| Debtors | : | Chapter 13 |
| Placido Salazar | : | |
| and Maria N. Salazar | : | |
| Movants | : | |
| vs. | : | Rule 3012 Valuation Proceeding |
| Bank of America, NA, as successor by merger to LaSalle Bank NA, as Trustee for Certificate holders of Bear Stearns Mortgage Funding Trust 2007-SL1, Mortgage Backed Certificates, Series 2007-SL1 | : | |
| Respondent | : | |

DEBTORS' MOTION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 506
<u>ON DEBTOR(S)' PRINCIPAL RESIDENCE</u>

The Debtors, Placido Salazar and Maria N. Salazar, by their attorney, Robert J. Haeger, request that this Court determine, pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012, the value of the interest of Bank of America, NA, as successor by merger to LaSalle Bank NA, as Trustee for Certificate holders of Bear Stearns Mortgage Funding Trust 2007-SL1, Mortgage Backed Certificates, Series 2007-SL1(hereinafter "Bank of America, NA") in the estate's interest in the Debtors' residence, the extent to which Bank of America, NA, is a holder of an allowed secured claim, and declare that Bank of America, NA's lien is void to the extent it is not secured.

In support of this motion the Debtors state as follows:

1. The Debtors filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code on January 5, 2010.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)((B,K). This is a core proceeding.

3. The Debtors are the fee simple owners of real property located in Montgomery County, Maryland, known as 604 Eldrid Drive, Silver Spring, Maryland (the "Property"). The subject property became property of the captioned bankruptcy estate (hereafter, the "estate") when this case was commenced. At the time the Debtors filed the instant bankruptcy petition and at the present time the value of the estate's interest in the Property was and is no more than $315,240, the high end of market value determined on Yahoo! Real Estate, a true and correct copy of which is attached hereto as **EXHIBIT A**. In addition, the property was assessed by the State of Maryland for tax purposes with a value of $306,090 as of January 1, 2009. A true and correct copy of State of Maryland Department of Assessments and Taxation Assessment Notice is attached hereto and made a part hereof, marked **EXHIBIT B**.

4. The estate's interest in the Property is subject to a perfected first trust lien allegedly in favor of Wells Fargo Bank, National Association, as Trustee for Certificate holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2007-AC2 (hereinafter "Wells Fargo" or the "Trust") that was duly recorded among the Land Records of Montgomery County, Maryland before the date Respondent's lien(s) was recorded, that arose from a note and deed of trust dated November 20, 2006, and that had an alleged balance due of $382,820.09 on January 5, 2010, the date the petition for relief was filed herein. This lien is

superior in priority to Respondent's lien. A true and correct copy of the Claim No. 13 filed herein by Wells Fargo, dated March 25, 2010, is attached hereto and made a part hereof, marked **EXHIBIT C**.

5. The estate's interest in the Property is allegedly subject to Respondent's second trust lien in the alleged original principal amount of $88,600.

6. The value of the interest of Respondent in the estate's interest in the Property is no more than $0.00.

7. Pursuant to 11 U.S.C. § 506(a), the allowable secured claim of Respondent is no more than $0.00.

8. Respondent's claim is totally unsecured and is allowable only as an unsecured claim.

9. Since Respondent is not a holder of an allowed secured claim, it is not entitled to the protection of 11 U.S.C. § 1322(b)(2).

10. Pursuant to 11 U.S.C. § 506(d), Respondent's lien is void.

WHEREFORE the Debtors ask this Court to:

a. Value the interest of the Respondent in the Property at $0.00.

b. Determine the allowed secured claim of Bank of America, NA, to be $0.00 pursuant to 11 U.S.C. § 506(a) with the balance allowed as an unsecured claim only.

c. Declare that Respondent's lien on the subject property is Void.

d. Declare that any proof of claim inconsistent with this order is disallowed to the extent of such inconsistency, and any pending objection to confirmation filed by Respondent that is based on inadequate value or interest rate is overruled.

e. Grant such other relief as may be necessary and proper under the law.

        Respectfully submitted,
        */s/ Robert J. Haeger, November 19, 2010*
        Robert J. Haeger, Md. Fed. Bar No. 25434
        Attorney for Debtor-Movant
        11403 Seneca Forest Circle
        Germantown, MD 20876
        (888) 463-3520; www.haegerlaw.com
        Board Certified - Consumer Bankruptcy Law
        – American Board of Certification

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the Debtors' Motion to Avoid Lien, proposed order, and the Notice thereof was served upon the Respondent c/o the name and address set forth below on November 19, 2010 by first class mail, postage prepaid:

| | |
|---|---|
| Bank of America, NA, as Trustee | Nancy Spencer Grigsby |
| c/o EMC Mortgage Corp. | Chapter 13 Trustee |
| Attn: Mark D. Meyer | P.O. Box 958 |
| PO Box 293150 | Bowie, MD 20718 |
| Lewisville, TX 75029 | |

and by certified U.S. Mail, postage prepaid, return receipt requested, to:

Brian T. Moynihan, President and CEO
BANK OF AMERICA CORPORATION
Bank of America Corporate Center
Charlotte, North Carolina 28255

        */s/ Robert J. Haeger, November 19, 2010*
        Robert J. Haeger